and acknowledged the within deed, and all and singular the within lands and tenements in the within deed contained, to be the right, title, interest and estate, of the within named *Thomas Bourke*, his heirs and assigns, for ever, agreeable to the true intent and meaning of the within deed; the same *Elenor*, wife of the same *Joseph Daffin*, being first privately examined by us separate and part from her husband, whether she did the same freely, voluntarily, and of her own accord, without being induced thereto by the ill usage or threats of her said husband, or for fear of his displeasure, and having assured us she acknowledged the said deed freely and voluntarily, according to the act of assembly in such case lately made and provided," &c. Which was signed by the justices. The general court at April term 1805, gave judgment on the case stated for the plaintiff, and the defendant appealed to this court, where the cause was argued by

*Bullitt* and *J. Bayly*, for the appellant, and by
*Martin* and *W. B. Martin*, for the appellee.

THE COURT of APPEALS *affirmed* the judgment of the General Court.

1807.
Partridge
vs
Partridge

--------

PARTRIDGE's Adm'x *vs.* PARTRIDGE's Adm'x.

JUNE, (E. S.)

APPEAL from *Dorchester* county court. The appellant, (the administratrix of *Jonathan Partridge*,) brought an action of *assumpsit* against the appellee, (the administratrix of *Isaac Partridge*;) and at the trial of the cause, established by testimony, that *Isaac*, in his life-time, was indebted to *Jonathan*, in his life-time, in a certain sum of money. The defendant then offered in evidence the will of the said *Isaac*, dated the 13 of December 1801, whereby he devised to his father, *Jonathan*, (the plaintiff's intestate,) and his heirs, two tracts of land containing about 206 acres, and also the use of all his other lands for life. He also bequeathed to his said father, all his personal estate, and appointed him executor of his will. It was admitted, that the whole personal estate of *Isaac* was not more than sufficient to pay ten shillings in the pound, and that *Jonathan* had no benefit from the bequest of the personal estate mentioned in the will; but that the same was expend-

A devise of lands to a creditor does not extinguish a debt or claim which he has against the testator.

1807.

Hampson
vs
Edelen.

ed by the payment of the debts of *Isaac*. That *Jona-*
*than* accepted and held the lands devised to him by the
will, under and in virtue thereof, which was of greater
value than the debt claimed by the plaintiff. The defen-
dant then prayed the court to direct the jury, that the debt
or sum of money claimed by the plaintiff, was extinguished
by the said will, and ought not to be recovered. Which
prayer the court, [*Polk*, Ch. J. Done and *Robins*, A. J.]
granted, and were of opinion that the debt or sum of mo-
ney claimed by the plaintiff was extinguished by the will,
and ought not to be recovered, and did accordingly so di-
rect the jury. The plaintiff excepted; and the verdict and
judgment being against him, he appealed to this court,
where the cause was argued by

> *J. Bayly*, for the appellant and by
>
> *W. B. Martin*, for the appellee.

THE COURT OF APPEALS *Reversed* the judgment of the
county court, and awarded a *Procedendo.*

---

JUNE (H. S.)

HAMPSON *vs.* EDELEN.

A contract for
the purchase of
land, *bona fide*
made for a valua-
ble consideration,
vests the equitable
interest in the
vendee from the
time of the exe-
cution of the con-
tract, altho' the
money is not paid
at that time.
When the money
is paid, the ven-
dee is entitled to a
conveyance. A
judgment obtain-
ed by a third per-
son against the
vendor *mesne* the
making the con-
tract and payment
of the money, can-
not defeat the
equitable interest
thus acquired, nor
is it a lien on the
land to affect the
right of such *ces-
tui que trust.*
A judgment is a
lien on the land
of the debtor, and
attaches on it as a
fund for its pay-
ment. But the le-
gal estate in the
land is not vested
in the judgment
creditor, altho' he
can convert it into money to satisfy his debt, by pursuing the proper means.

APPEAL from the Court of Chancery. The bill of the
complainant, (the now appellee,) stated, that in September
1797, he purchased a part of a tract of land, lying in
*Prince George's* county, called *Stoney Harbour*, contain-
ing 163 acres, from a certain *Benoni H. Wade*, at the price
of £5 per acre; and on the 24th of December 1797, *Wade*
gave him full and absolute possession thereof, and that he
has ever since continued in possession. That at the time
of the purchase of the land, *Wade* was indebted to the
complainant on bond, with *Thomas Mundell* his surety, in
the quantity of 15,605lbs. of net tobacco, to be paid at
the price of 65 shillings per hundred, the whole amount-
ing to £482 current money, and it was then agreed, that
the bond should be received in part payment of the land
at the said amount, and the same was accordingly given up
to *Wade*. That the complainant continued in possession of
the land, and used and cultivated it, and having paid up the
whole purchase money, on the 12th of November 1798, ob-
tained a conveyance for the same. That after he had pur-